UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RENZER BELL,

                      Plaintiff,

       - against -

JOHN PHAM AND TRUNG PHAM,

                      Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:

REPORT AND
RECOMMENDATION

09 Civ. 1699 (PAC) (RLE)

To the HONORABLE PAUL A. CROTTY, U.S.D.J.:

## I. INTRODUCTION

On February 24, 2009, *Pro Se* Plaintiff Renzer Bell filed a Complaint against Defendants John Pham and Trung Pham (collectively "the Phams"), alleging breach of contract claims. Bell seeks an award of $88,380, as determined by the liquidated damages clause of the contract. Pending before the Court is the Phams' Motion for Summary Judgment against Bell (Doc. No. 24) and Bell's Cross-Motion for Summary Judgment against the Phams. For the reasons which follow, I recommend that both motions be **DENIED**.

## II. BACKGROUND

On July 8, 2008, Bell and the Phams entered into an assignment of contract of sale ("the contract") for the option and right to purchase a luxury vehicle. (Def.'s Statement of Material Facts in Supp. of Mot. for Summ. J. ("Defs.' Statement of Material Facts") ¶ 1.) Pursuant to the contract, Bell was to be compensated $4,080 within seventy-two hours of providing the Phams with a buyer's order, purchase agreement, or bill of sale from a dealer for the specified vehicle. (Decl. by Willie Briscoe in Supp. of Def.'s Statement of Material Facts ("Briscoe Decl."), Ex. 1 ("Contract") ¶ 2.) The contract also provided that if the Phams failed to comply with its terms,

they would pay Bell $88,380 in liquidated damages. (Contract ¶ 11.) On July 9, 2008, Bell provided the Phams with a document titled "Vehicle Worksheet" from a dealer that listed pricing information for a car meeting the description provided in the contract. (Defs.' Mot. for Summ. J., Ex. A-2.) Trung Pham claims that he called the dealership the next day and was informed that the car had already been sold. (Defs.' Mot. for Summ. J., Ex. A-3 at 122.) Bell asserts that the car was not sold until July 13 or 14. (Aff. in Opp'n to Mot. and in Supp. of Cross-Mot. ("Aff. in Opp'n") ¶ 16.) Because they did not believe that Bell had met his contract obligations, the Phams never paid him the amount owed under the contract. (Defs.' Mot. for Summ. J., Ex. A-3 at 295.)

## III. DISCUSSION

### A. Standard for Summary Judgment

Rule 56(c) of the Federal Rules of Civil Procedure provides that a court shall grant a motion for summary judgment if it determines that "there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). Under this standard, summary judgment is proper if "viewing the record in the light most favorable to the nonmoving party, the evidence offered demonstrates that there is no genuine issue of fact and that the moving party is entitled to judgment as a matter of law." *Pension Benefit Guar. Corp. v. LTV Corp.*, 875 F.2d 1008, 1015 (2d Cir. 1989) (internal quotations omitted), *rev'd on other grounds*, 496 U.S. 633 (1990). In making this determination, "the court's responsibility is not to resolve disputed issues of fact but to assess whether there are factual issues to be tried." *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 11 (2d Cir. 1986). An issue of fact is "genuine" if it provides a basis for "a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Summary

judgment is appropriate where no reasonable trier of fact could find in favor of the nonmoving party, *H. L. Hayden Co. of New York, Inc. v. Siemens Med. Sys., Inc.*, 879 F.2d 1005, 1011 (2d Cir. 1989), thereby "dispos[ing] of meritless claims before becoming entrenched in a frivolous and costly trial." *Donahue v. Windsor Locks Bd. of Fire Comm'rs*, 834 F.2d 54, 58 (2d Cir. 1987).

The party moving for summary judgment bears the initial burden of demonstrating the absence of any genuine issue of material fact. *See Consarc Corp. v. Marine Midland Bank, N.A.*, 996 F.2d 568, 572 (2d Cir. 1993) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970)). This burden may be met by demonstrating that there is a lack of evidence to support the nonmoving party's claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party satisfies this initial burden, the nonmoving party must offer "concrete evidence from which a reasonable juror could return a verdict in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256. "[T]he mere existence of factual issues -- where those issues are not material to the claims before the court -- will not suffice to defeat a motion for summary judgment." *Quarles v. Gen. Motors Corp.*, 758 F.2d 839, 840 (2d Cir. 1985). If the nonmoving party fails to respond by "affidavits or as otherwise provided in [Rule 56, and] set forth specific facts showing that there is a genuine issue for trial[,] . . . summary judgment, if appropriate, should be entered against [the adverse] party." Fed. R. Civ. P. 56(e)(2).

## B. There Remains an Issue of Material Fact Such That Neither Party is Entitled to Summary Judgment

Although a number of collateral issues are debated in the parties' filings, the availability of summary judgment in this case hinges on the question of whether the "Vehicle Worksheet" given to the Phams by Bell can, as a matter of law, be said to be or not to be a buyer's order, a

purchase agreement, or a bill of sale contract as contemplated by paragraph 2 of the contract between the parties.[1] While Trung Pham testified that the "Vehicle Worksheet" was missing essential information necessary to create a buyer's order, a purchase agreement, or a bill of sale contract according to trade usage (Defs.' Mot. for Summ. J., Ex. A-3 at 291), Bell has sworn that the "Vehicle Worksheet" meets the requirements contemplated by those terms. (Aff. in Opp'n ¶ 23.) Neither the Uniform Commercial Code nor case law provide a legal definition of "buyer's order," "purchase agreement" or "bill of sale contract." Consequently, this issue of material fact remains and summary judgment is not available for either party.

---

[1] Paragraph 2 of the contract reads in relevant part: "Buyer agrees to remit to Seller, and/or its agents or assigns, within seventy-two (72) hours of receipt of the **buyer's order/purchase agreement/bill of sale contract** from the Seller or car dealer of said Vehicle the above mentioned $580.00 plus any and all amounts due pursuant to paragraph 5 below." (emphasis in original).

## IV. CONCLUSION

In conclusion, I recommend that the Pham's motion and Bell's cross-motion be **DENIED**.

Pursuant to Rule 72, Federal Rules of Civil Procedure, the parties shall have fourteen (14) days after being served with a copy of the recommended disposition to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies delivered to the chambers of the Honorable Paul A. Crotty, 500 Pearl Street, Room 735 and to the chambers of the undersigned, 500 Pearl Street, Room 1970. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*); 28 U.S.C. § 636(b)(1) (West Supp. 1995); Fed. R. Civ. P. 72, 6(a), 6(d).

Dated: January 31, 2011
New York, New York

Respectfully Submitted,

The Honorable Ronald L. Ellis
United States Magistrate Judge

Copies of this Report and Recommendation were sent to:

<u>Pro Se Plaintiff</u>
Renzer Bell
5736 Cleveland Road
Jacksonville, FL 32209

<u>Counsel for Defendant</u>
Willie Briscoe
3232 Mckinney Avenue, Suite 700
Dallas, TX 75204