UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
RENZER BELL,      :
                  :
       Plaintiff,      :
                  :
- against -       :
                  :
JOHN PHAM AND TRUNG PHAM,   :
                  :
       Defendant.      :
--------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: March 24, 2011

09 Civ. 1699 (PAC) (RLE)

ORDER on R&R

HONORABLE PAUL A. CROTTY, United States District Judge:

On February 24, 2009, *pro se* Plaintiff Renzer Bell ("Plaintiff" or "Bell") filed the instant complaint against Defendant John Pham ("Defendant" or "Pham") alleging breach of contract. Bell seeks $88,380 under the liquidated damages clause of the contract at issue.  Currently before the court is Pham's motion for summary judgment and Bell's cross motion for summary judgment.  On February 1, 2011, Magistrate Judge Ellis filed a Report and Recommendation ("R&R"), recommending that the Court deny both motions. Having reviewed Magistrate Judge Ellis's R&R and Bell's Affidavit in Support of Motion to Reargue and/or Setaside [Magistrate Judge Ellis's R&R], the Court adopts Magistrate Judge Ellis's Report and Recommendation in its entirety.   As a result, both motions are DENIED.

**BACKGROUND**

On July 8, 2008, Bell and Pham entered into an Assignment of Contract of Sale ("the Assignment Contract") under which Pham was to pay for Bell's right to purchase a vehicle. (Def. Mem., Ex. A-1, ¶ 1.)  Pursuant to the contact, Bell was to procure from a car dealer a "buyer's order/purchase agreement/bill of sale/contract" for a Lexus LX570 and provide the

1

document to Pham.  (See id. ¶¶ 1-2.)  Within seventy-two hours of receipt of the "buyer's order/purchase agreement/bill of sale/contract," Pham was to remit to Bell $580. (Id. ¶ 2.)  In addition, Pham agreed to pay the car dealer a payment equal to the manufacturer's suggested retail price ("MSRP") plus $3,500 plus taxes and fees within two business days of the date that the vehicle was available for pickup.  (Id. ¶ 4.)  In the event that Bell and the car dealer negotiated a purchase price below "MSRP plus $3,500," Pham was to pay the agreed upon purchase price to the car dealer and the difference to Bell.  (Id. ¶ 5.)  The Assignment Contract also provided that if John Pham did not comply with its terms, he was to pay $88,380 in liquidated damages to Bell.  (Id. ¶ 11.)

On July 9, 2008, Bell provided Pham with a document entitled "Vehicle Worksheet." (R&R 2.)  The "Vehicle Worksheet" identified a Lexus LX570 available at Meade Lexus ("Meade"). (Def. Mem. 2, Ex. A-2.)  Pham alleges that he contacted Meade the following day and discovered that the vehicle had already been sold.  (Def. Mem. 2, Ex. A-3 at 122.)  Bell, however, contends that the car was not sold until July 13 or 14, 2008.  (Pl. Aff. ¶ 16.)

Pham contends that Bell failed to meet his obligations under the Assignment Contract because (1) the "Vehicle Worksheet" did not constitute a buyer's order, purchase agreement, bill of sale, or contract; and (2) the vehicle was not, in fact, available for purchase.  (See Def. Mem. 2.)  Bell disagrees on both points, arguing that he fulfilled his obligations and that Pham is in breach of the Assignment Contract and therefore owes him liquidated damages.  (Pl. Aff. ¶¶ 14, 16; Def. Mem; Ex. A-1, ¶ 11.)

On February 24, 2009, Bell filed his complaint.  On March 5, 2009, the matter was referred to Magistrate Judge Ellis. Pham filed his motion for summary judgment on May 12, 2010.  Bell filed a cross-motion for summary judgment on November 19, 2010. Magistrate Judge

Ellis issued his Report and Recommendation on February 1, 2011, recommending that the Court deny both motions because there remains a genuine issue of material fact. (R&R 3-4.) Specifically, Magistrate Judge Ellis found that it cannot be said as a matter of law whether the "Vehicle Worksheet" that Bell provided to Pham was a "buyer's order/purchase agreement/bill of sale/contract," as contemplated by the Assignment Contract. (Id.)

Bell filed an Affidavit in Support of Motion to Reargue and/or Setaside [Magistrate Judge Ellis's R&R], dated February 16, 2011. The Court denied the motion, but granted Bell an extension of time to file objections until March 22, 2011. In a letter dated March 8, 2011, Bell requested a teleconference prior to filing his objections. The Court denied the request on March 10, 2011 and reminded Bell that his objections were due on or before March 22, 2011. In a letter dated March 21, 2011, Bell requested an extension of 15 business days to file his objections. The Court denied the request, reminding Bell that his objections were due on March 22, 2011. Having received no objections from Bell, the Court will construe his February 16, 2011 affidavit as his objections. The Court received no objections from Pham.

## DISCUSSION

A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). When a timely objection has been made to the recommendations of the magistrate judge, the court is obligated to review the contested issues *de novo*. Hynes v. Squillace, 143 F.3d 653, 656 (2d Cir. 1998). The Court, however, "may adopt those portions of the Report [and Recommendation] to which no objections have been made and which are not facially erroneous." La Torres v. Walker, 216 F. Supp. 2d 157, 159 (S.D.N.Y 2000).

Summary judgment is appropriate where the record demonstrates that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  A fact is material if it "might affect the outcome of the suit under governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  The moving party bears the initial burden of producing evidence on each material element of its claim or defense demonstrating that it is entitled to relief. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  The evidence on each material element must be sufficient to entitle the movant to relief as a matter of law. Vt. Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 244 (2d Cir. 2004).  The same standard of review applies when the court is faced with cross-motions for summary judgment. Morales v. Quintel Entm't, Inc., 249 F.3d 115, 121 (2d Cir. 2001).  Each party's motion must be reviewed on its own merits, and the Court must draw all reasonable inferences against the party whose motion is under consideration. Id.

"To succeed in a breach of contract claim, four elements must be satisfied: the making of a contract, performance of the contract by the plaintiff, breach of the contract by the defendant, and damages suffered by the plaintiff." Coastal Aviation, Inc. v. Commander Aircraft Co., 937 F. Supp. 1051, 1060 (S.D.N.Y. 1996) (citations omitted).  "[P]arties to a contract may condition the performance of either party, or the validity of the entire contract itself, on the occurrence of an event. If that event does not occur, the contractual obligation does not arise." Office of Comptroller General of Republic of Bolivia on behalf of General Command of Bolivian Air Force v. International Promotions and Ventures, Ltd., 618 F. Supp. 202, 207 (S.D.N.Y. 1985) (citations omitted).

The Court reaches the same conclusion as Magistrate Judge Ellis.  There is certainly a fact issue with respect to whether the "Vehicle Worksheet" in this case was the sort of document

contemplated by the term "buyer's order/purchase agreement/bill of sale/contract" as used in the Assignment Contract. In addition, there is a factual dispute regarding whether or not the vehicle at issue was actually available at Meade Lexus at the relevant time. Because such genuine issues of material fact remain, a summary judgment ruling in favor of either party is inappropriate.

In his affidavit, Bell contends out that Magistrate Judge Ellis's conclusion that there is no legal definition of "bill of sale contract" misconstrues the provision of the Assignment Contract which provides two distinct terms: "bill of sale" and "contract." (Obj. ¶¶ 5-6.) Bell is correct in this assertion, but the ultimate result is the same. Although Bell points out that the term "contract" is defined at Section 1-201(b)(12) of the Uniform Commercial Code ("UCC") as "the total legal obligation that results from the parties' agreement," (Obj. ¶¶ 7-8), this definition is not helpful in determining whether the "Vehicle Worksheet" was in fact the type of document contemplated by the Assignment Contract.

Many of Bell's other objections ask the Court to reconsider facts in the record that were already considered by Magistrate Judge Ellis and that clearly suggest that there is a genuine issue of material fact that makes summary judgment inappropriate. (Obj. ¶ 14.) Bell also makes reference to Uniform Commercial Code sections, attempting to apply them to Pham's alleged "acceptance" and "rejection" of the "Vehicle Worksheet." (Obj. ¶¶ 17-28.) It is unclear whether these UCC provisions apply to the Assignment Contract. But even if the provisions do apply, whether Pham properly rejected the "Vehicle Worksheet" under the UCC is irrelevant if the "Vehicle Worksheet" is not a "buyer's order/purchase agreement/bill of sale/contract," as contemplated by the Assignment Contract. Accordingly, there is a genuine issue of material fact that cannot be properly determined on summary judgment.

## CONCLUSION

Accordingly, the Court adopts Magistrate Judge Ellis's Report and Recommendation. Pham's motion and Bell's cross-motion for summary judgment are, therefore, DENIED. The Clerk of Court is directed to close the motions at docket numbers 24 and 34. The Order of Reference dated March 5, 2009 remains in effect.

Dated: New York, New York
       March 24, 2011

SO ORDERED

PAUL A. CROTTY
United States District Judge

Copies mailed to:

Renzer Bell
5736 Cleveland Road
Jacksonville, FL 32209

Willie Briscoe, Esq.
3232 McKinney Avenue
Suite 700
Dallas, TX 75204