```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: October 18, 2011

RENZER BELL                                          :

          Plaintiff,                     :       09 Civ. 1699 (PAC)

                                                   :       ORDER

JOHN PHAM, and TRUNG PHAM,
                                                   :

          Defendants.
                                                   :
------------------------------------------------------X

HONORABLE PAUL A. CROTTY, United States District Judge:

On October 17, 2011, pro se Plaintiff Renzer Bell ("Plaintiff") requested a continuance of the pre-trial conference and trial, scheduled for October 18, and 24, 2011, respectively, in his contract dispute action. Having already granted Plaintiff an adjournment, the Court denied Plaintiff's request. On October 18, 2011, Plaintiff submitted his Pre-Trial Order and his objections to Defendants John Pham and Trung Pham's ("Defendants") Pre-Trial Order, submitted on October 6, 2011. In their pre-trial submissions, the parties discuss the validity of the liquidated damages provision.

Under New York law, "[a] contractual provision fixing damages in the event of breach will be sustained if the amount liquidated bears a reasonable proportion to the probable loss and the amount of actual loss is incapable or difficult of precise estimation . . . If, however, the amount fixed is plainly or grossly disproportionate to the probable loss, the provision calls for a penalty and will not be enforced." Truck Rent-A-Center, Inc. v. Puritan Farms 2nd, Inc., 41 N.Y.2d 420, 425 (N.Y. 1977). Defendants argue that the alleged loss in this case, of $4,080, bears no reasonable relationship to the "partial liquidated damages" figure of $88,380.00. (Def.

1

Oct. 6, 2011 Pre-Trial Order 9.)  Plaintiff argues that the Defendants waived their ability to challenge the enforceability of the liquidated damages provision by failing to raise this argument on a motion to dismiss or a motion for summary judgment.  (Pl. Oct. 18, 2011 Ltr.)

Plaintiff's argument fails, however, because a defendant cannot waive an objection to a liquidated damages clause.  See Wells Fargo Bank Northwest, N.A. v. Energy Ammonia Transp. Corp., No. 01 Civ. 5861(JSR), 2002 WL 31368264, at *1-2  (S.D.N.Y. Oct. 21, 2002) ("[T]he 'invalidity of a contract offensive to public policy cannot be waived by the parties ... as it is a barrier which the court itself is bound to raise in the interests of the due administration of justice.'")(quoting Ins. Co. of N. Am. v. S/S Cape Charles, No. 92 Civ. 6184, 1994 WL 263592, at *2 (S.D.N.Y. June 3, 1994)).  Accordingly, the Court finds that a question regarding the enforceability of the liquidated damages provision exists.

If the Court were to find that the liquidated damages provision is not enforceable, then the Court will not have subject matter jurisdiction over this diversity action because the amount in controversy will be less than the $75,000 jurisdictional amount required under 28. U.S.C. § 1332(a)(1).  See Nwanza v. Time, Inc., 125 Fed.Appx. 346, 347-48 (2d. Cir. 2005).  The Court has the authority to examine issues regarding "subject matter jurisdiction, *sua sponte,* at any stage of the proceeding."  Id. (quoting Cap Gemini Ernst & Young, U.S., L.L.C. v. Nackel, 346 F.3d 360, 362 (2d Cir.2003)).

To resolve this subject matter jurisdiction issue, the Plaintiff is directed to provide the Court with a submission on the liquidated damages provision no later than October 28, 2011.  This submission must contain a calculation of any probable loss the Plaintiff anticipated, and any actual damage incurred.  This submission may also include any affidavits, documents, or legal authority that the Plaintiff wishes to bring to the Court's attention.

2

The trial is adjourned pending Plaintiff's submission.

## CONCLUSION

Plaintiff is directed to submit his liquidated damages calculations to the Court by October 28, 2011.

Dated: New York, New York
October 18, 2011

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge

Copies Mailed To:

Renzer Bell
519 Westbrooks Street South West
Cairo, GA 39828